## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**GREGORY CHAPA**
    Plaintiff

**v.**   No. 5:04CV-00002-R

**VERTNER TAYLOR, et al.**
    Defendants

### MAGISTRATE JUDGE'S REPORT
### and RECOMMENDATION

The plaintiff has filed a <u>pro-se</u> prisoner civil rights action pursuant to 42 U.S.C. § 1983. The defendants have filed a motion for summary judgment (Docket Entry No. 57), to which the plaintiff has not responded in opposition. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

On May 28, 2004, this court conducted an initial screening of the plaintiff's complaint pursuant to 28 U.S.C. § 1915A. The court dismissed all claims except for those pertaining to the conditions of the plaintiff's confinement at the Kentucky State Penitentiary (KSP) in Eddyville, Kentucky (Docket Entry No. 14). The claims were premised upon lack of hot water and adequate ventilation when the plaintiff was confined in the segregation unit of KSP known as Cellhouse 3. On September 17, 2007, the plaintiff filed his notice of transfer to the Kentucky State Reformatory in LaGrange, Kentucky (Docket Entry No. 45). The plaintiff seeks injunctive relief, money damages, and punitive damages (Form Complaint, Docket Entry No. 1, p. 7).

**Standards Governing Motions for Summary Judgment**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant may satisfy its initial burden under the foregoing standard by demonstrating that the non-moving party has failed to introduce sufficient evidence to support an essential element of the cause of action alleged. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). If the moving party meets its initial burden, the party against whom the motion is brought may not rest on the pleadings but, instead, has the burden of proving that a genuine issue of material fact exists for trial. Fed.R.Civ.P. 56(e); *Celotex*, supra, at pp. 324-325. Material facts are those that might affect the outcome of the action under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court makes a determination of materiality, any inference drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the existence of a mere scintilla of evidence in support of the opposing party's motion is insufficient to create a genuine issue of material fact. A genuine issue of material fact is presented only if there is evidence from which a reasonable jury could find in favor of the party opposing summary judgment. *Anderson*, supra, at p. 252.

**Standards Governing "Conditions of Confinement" Claims**

A prisoner may complain that he has been subjected to cruel and unusual punishment, not from a specific act or omission aimed at the prisoner, but rather from the conditions of his confinement in a more general sense. In conditions of confinement litigation, like other

Eighth Amendment claims, the core issue is whether the prisoner has suffered an "unnecessary and wanton infliction of pain." *Farmer v. Brennon*, 511 U.S. 825, 834 (1994). To succeed on a "conditions" claim, a plaintiff must show: 1) the deprivation alleged is objectively "sufficiently serious" and 2) the responsible prison official had a sufficiently culpable state of mind. Id. at p. 834. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). A sufficiently culpable state of mind is one of "deliberate indifference" to inmate health and safety. *Farmer*, supra, at p. 834.

### The Facts Alleged by the Plaintiff and Conclusions of Law

The plaintiff claims that a constitutional deprivation occurred when he was confined to the segregation unit of KSP known as Cellhouse 3 due to poor ventilation and not having access to hot water. On January 3, 2008, the Warden of KSP, Thomas Simpson, executed the following affidavit:

1. The Affiant is the Warden of the Kentucky State Penitentiary;

2. The Affiant states the airflow levels in Cellhouse 3 at the Kentucky State Penitentiary are in compliance with all applicable correctional institutions standards;

3. The Affiant states that the sinks in Cellhouse 3 do not have hot water and that this has been addressed by the American Correctional Association prior to and including their most recent accreditation of the Kentucky State Penitentiary. The inmates in Cellhouse 3 are provided with anti-bacterial soap, regular clothing and linen exchange, and the opportunity for showering three times weekly;

4. The Kentucky State Penitentiary is complaint with all current ACA requirements for accreditation and has received accreditation status from 1983 to current.

In light of the foregoing probative evidence, the magistrate judge concludes that the movants have satisfied their initial burden as contemplated by *Celotex Corp.*, supra, of showing that the

plaintiff has failed to introduce sufficient evidence to support an essential element of his cause of action, i.e., either prong of the test set forth in *Farmer v. Brennan*, supra. The plaintiff has presented no additional evidence. Therefore, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law.

### Further Conclusions of Law

There are additional, independent reasons why the plaintiff is not entitled to the relief requested. First, the plaintiff's transfer to another facility renders his claim for injunctive relief moot. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. See *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir., 1998) and *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir., 1996).

Second, the petitioner's "conditions of confinement" claims are premised upon the Eighth Amendment. Only deprivations that are so serious that they deny a prisoner "the minimal civilized measure of life's necessities" rise to the level of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The plaintiff has alleged no physical injury from the alleged deprivation of hot water and adequate ventilation. Therefore, the nature of his injury appears to be completely or predominantly mental or emotional in nature. The Prison Litigation Reform Act now precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Here, the plaintiff has failed to make that showing. Therefore, at least arguably, the petitioner's claims are subject to dismissal on this basis alone. See *Jarriett v. Wilson*, 2005 WL 3839415 (6th Cir.)

("§ 1997e(e) .... applies to Eighth Amendment claims for emotional or mental damages.... This court has indicated ... that even though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than de minimis for an Eighth Amendment claim to go forward") and *Mitchell v. Horn*, 318 F.3d 523 (3rd Cir., 2003) (prisoner asserting a mental or emotional injury as a result of conditions of confinement was required to show a prior physical injury).

Finally, the plaintiff has requested punitive damages. However, punitive damages may be awarded in a § 1983 action only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected right of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The plaintiff has presented no evidence showing this level of culpability by the defendants. Therefore, even if the plaintiff's claims have constitutional merit, he appears to be incapable of showing entitlement to any of the relief he has requested.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the motion of the defendants for summary judgment (Docket Entry No. 57) be GRANTED and that the complaint pursuant to 42 U.S.C. § 1983 be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).